■ JAMES LANE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 87992.) [624 NYS2d 890] —Appeal by the claimants from stated portions of (1) an order of the Court of Claims (Benza, J.), dated August 18, 1993, and (2) an order of the same court, dated December 8, 1993.

Ordered that the orders dated August 18, 1993, and December 8, 1993, are affirmed insofar as appealed from, with one bill of costs, for reasons stated by Judge Benza at the Court of Claims. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ MICHAEL C. LIBBY, an Infant, by His Father and Natural Guardian, HERBERT LIBBY, et al., Respondents, v WALDBAUM'S INC., Appellant, et al., Defendants. (And Two Third-Party Actions.) [624 NYS2d 890] —In an action to recover damages for personal injuries, etc., the defendant Waldbaum's Inc. appeals from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated December 15, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Waldbaum's Inc. for summary judgment dismissing the complaint insofar as it is asserted against it is granted, and the action against the remaining defendants is severed.

The infant plaintiff was injured while he was exploring the roof of a building that was under construction. It is well established that the imposition of liability for a dangerous condition on real property must be predicated upon occupancy, ownership, control, or special use of the premises (see, James v Stark, 183 AD2d 873; Balsam v Delma Eng'g Corp., 139 AD2d 292). The appellant's evidence established that at the time of the accident, it did not occupy, own, control, or make special use of the construction site. Accordingly, because there exists no triable issue of fact, summary judgment should have been granted to the appellant. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.