■ SHARI ELBERT, Respondent, v J.F.V. ENTERPRISE Co. et al., Defendants, and LARWIN DEVELOPMENTS, INC., Appellant. [651 NYS2d 151] —In an action to recover damages for personal injuries, the defendant Larwin Developments, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), dated November 13, 1995, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the appellant's cross motion for summary judgment is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

The plaintiff was injured on September 3, 1979, while horseback riding. The appellant demonstrated its prima facie entitlement to judgment as a matter of law by submitting competent evidence that, on the date of the accident, it did not own the property upon which the plaintiff fell. The plaintiff failed to show the existence of a material issue of fact in this respect.

In general, "liability for a dangerous condition on real property must be predicated upon occupancy, ownership, control, or special use of the premises" (*Libby v Waldbaum's Inc.,* 213 AD2d 457 citing *James v Stark,* 183 AD2d 873; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292). The plaintiff's evidence was insuf-

ficient to establish any issue of fact regarding the possible applicability of any exception to this general rule (*cf., Bittrolff v Ho's Dev. Corp.,* 77 NY2d 896).

The plaintiff's remaining contention is without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.