■ JULIAS D. FERIGNO et al., Appellants, v CITICORP MORTGAGE, INC., et al., Respondents, et al., Defendants. [666 NYS2d 482] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 3, 1996, as granted the motion of the defendant Alliance Realty Group for summary judgment dismiss-

ing the complaint insofar as it is asserted against that defendant, and (2) from a judgment of the same court, entered December 23, 1996, which, upon so much of the order dated December 3, 1996, as granted the motion of the defendant Citicorp Mortgage, Inc. for summary judgment, dismissed the complaint insofar as it is asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff Julias D. Ferigno was injured after he attempted to enter a basement through a ground-floor doorway and fell to the basement floor. It is undisputed that he was aware that there was no staircase leading from the doorway into the basement. It is well established that the imposition of liability for a dangerous condition on real property must be predicated upon occupancy, ownership, control, or special use of the premises (see, Libby v Waldbaum's Inc., 213 AD2d 457). The evidence submitted in support of the motions for summary judgment established that, at the time of the accident, neither Citicorp Mortgage, Inc., nor Alliance Realty Group, Inc., occupied, owned, controlled, or made special use of the subject premises. Accordingly, because no triable issues of fact existed, summary judgment was properly granted.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.