■ ESTELLE ROSENBLOOM, Respondent, v CITY OF NEW YORK et al., Appellants. [680 NYS2d 262] —In an action to recover damages for personal injuries, the defendants City of New York and Long Island Rail Road separately appeal from so much of an order of the Supreme Court, Queens County (Lerner, J.),

dated August 20, 1997, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the defendants' motions are granted, and the complaint and all cross claims are dismissed.

The plaintiff brought this action to recover damages for personal injuries she sustained when, on the morning of January 12, 1994, she slipped and fell on ice on a dirt pathway that transected a grassy island near the Bayside Long Island Rail Road station in Queens. The dirt pathway on which the plaintiff fell was not a public walkway, but rather had been created by the habitual traffic of pedestrians hastening to and from their commuter trains.

The defendants established that the portion of the grassy island on which the plaintiff fell was owned entirely by the defendant Long Island Rail Road. Accordingly, the defendant City of New York is entitled to summary judgment, since it did not own, occupy, control, or make any special use of the land on which the plaintiff fell (*see, e.g., Elbert v J.F.V. Enter. Co.,* 234 AD2d 413; *Minott v City of New York,* 230 AD2d 719; *Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957-958; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-297).

The defendant Long Island Rail Road is also entitled to summary judgment, as it had no duty to clear snow and ice from an unpaved area that was not intended to be a public walkway, particularly when nearby sidewalks provided an adequate means of access to and from the railroad station (*see, e.g., Garcia v New York City Hous. Auth.,* 234 AD2d 102; *Palmer v Prescott,* 208 AD2d 1065; *Bacon v Mussaw,* 167 AD2d 741). O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.