■ DONNA CUCE, Respondent, v BELL ATLANTIC CORPORATION, Appellant. [749 NYS2d 445] —In an action to recover dam-

ages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jones, J.), dated July 12, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In March 1998 the plaintiff was employed by Bell Atlantic Mobile (hereinafter Bell Mobile), a wholly-owned subsidiary of the defendant Bell Atlantic Corporation (hereinafter Bell Atlantic). While working at one of Bell Mobile's stores, she allegedly sustained personal injuries when she tripped and fell over a telephone cord leading from a wall to a telephone on a sales counter. She brought the instant action against Bell Atlantic to recover damages for the personal injuries that she allegedly sustained.

The Supreme Court improperly denied Bell Atlantic's motion for summary judgment. Generally, "liability for a dangerous condition on real property must be predicated upon occupancy, ownership, control, or special use of the premises" (*Elbert v J.F.V. Enter. Co.,* 234 AD2d 413 [internal quotation marks omitted]; *see Rosenbloom v City of New York,* 254 AD2d 474; *Libby v Waldbaum's Inc.,* 213 AD2d 457; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292). In the instant case, Bell Atlantic established a prima facie case that it owed no duty to the plaintiff by submitting evidence which demonstrated that it had nothing to do with Bell Mobile's store, and that it did not install or maintain the telephone cord over which the plaintiff allegedly tripped and fell. The plaintiff's affidavit in opposition to Bell Atlantic's motion, in which she claimed that Bell Atlantic installed and maintained the telephone cord, was insufficient to raise a triable question of fact on the issue since it contradicted her prior deposition testimony (*see Hernandez v Seven Fried Food,* 292 AD2d 343; *Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262; *Regina v Friedman,* 272 AD2d 461; *Califano v Campaniello,* 243 AD2d 528).

In light of this determination, we need not address Bell Atlantic's remaining contention. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.