■ ABRAHAM WEINBERG, Appellant, v CITY OF NEW YORK et al., Respondents. [770 NYS2d 431]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme

Court, Kings County (Knipel, J.), dated January 28, 2003, which granted those branches of the separate motions of the defendant City of New York, the defendants Michael Kuryland and Yana Kuryland, and the defendant Sea Gate Association which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On January 30, 1994, the plaintiff's decedent fell on a sidewalk abutting property owned by the defendants Michael Kuryland and Yana Kuryland. The Kurylands' residence was part of a private community, and the Kurylands belonged to Sea Gate Association (hereinafter the Association), a homeowner's association, which owned the sidewalk. On August 18, 1994, the plaintiff's decedent testified at a hearing conducted pursuant to General Municipal Law § 50-h. After her death, her husband, as executor of her estate, commenced this action against the Kurylands, the Association, and the City of New York. The plaintiff testified at his examination before trial, conducted on June 14, 1999, that he did not actually see the decedent fall and that he did not know what caused the decedent to fall.

The Kurylands and the Association established their entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of the decedent's accident (*see Burnstein v Mandalay Caterers,* 306 AD2d 428 [2003]; *White v Walsh,* 289 AD2d 228 [2001]; *Gianchetta v E.B. Mar.,* 258 AD2d 618 [1999]; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256 [1997]; *see also Bernstein v City of New York,* 69 NY2d 1020 [1987]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The testimony given by the plaintiff's decedent at the hearing conducted pursuant to General Municipal Law § 50-h cannot be used as against the defendants Michael Kuryland, Yana Kuryland, and the Association, since they were not notified about the hearing and were not present for the testimony given by the decedent (*see* CPLR 3117 [a] [3]; *Claypool v City of New York,* 267 AD2d 33 [1999]).

The City also established its entitlement to judgment as a matter of law by demonstrating that it did not own, control, occupy, or make special use of the subject private sidewalk on which the decedent fell (*see Cuce v Bell Atl. Corp.,* 299 AD2d 387 [2002]; *Rosenbloom v City of New York,* 254 AD2d 474 [1998]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.