■ CHRISTIAN RODGERS, Respondent, v CITY OF NEW YORK et al., Respondents, GEORGETTE MILLER, Appellant, et al., Defendants. [824 NYS2d 179]—

In an action to recover damages for personal injuries, the defendant Georgette Miller appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 16, 2005, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted.

As attested to by the plaintiff at his examination before trial, he tripped and fell in a hole located in front of premises known as 751 Union Street, in Brooklyn. He subsequently commenced this action in which the appellant, among others, was named as a defendant.

The Supreme Court improperly denied the appellant's motion for summary judgment. Generally, "liability for a dangerous

condition on real property must be predicated upon occupancy, ownership, control, or special use of the premises" (*Cuce v Bell Atl. Corp.*, 299 AD2d 387, 388 [2002] [internal quotation marks omitted]; *see Elbert v J.F.V. Enter. Co.*, 234 AD2d 413 [1996]). In the instant case, the appellant established a prima facie case that she owed no duty to the plaintiff by submitting an affidavit indicating that she owned property at 753 Union Street, that she did not contract for any utility or sidewalk work at 751 Union Street on or before the date of the accident, that she had not derived any "special uses" from the sidewalk in front of either 751 or 753 Union Street, and that she did not create a defect or hazardous condition on the sidewalk located in front of either address. The evidence submitted by the plaintiff in opposition to the motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Moreover, "the plaintiff's 'mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process' was insufficient to defeat summary judgment" (*Sammarco v City of New York*, 16 AD3d 657, 658 [2005], quoting *Neryaev v Solon*, 6 AD3d 510 [2004]). Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.