◼ THOMAS MORAN, Appellant, v STATE DUCT CORP. et al., Respondents. [838 NYS2d 139]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 21, 2006, which granted the motion of the defendants State Duct Corp. and Youn Dong Jung and the separate motion of the defendant John DiSalvo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff brought this action to recover damages for personal injuries he sustained at approximately 10:00 P.M. on December 28, 2002 when he slipped and fell on snow-covered sheet metal on an unpaved pathway located in an area behind a building owned by the defendant John DiSalvo which housed his automobile repair shop as well as a sheet metal factory operated by the defendant Youn Dong Jung. The plaintiff testified at a deposition that it was snowing at the time of the accident.

The movants were entitled to summary judgment as they had no duty to maintain free of debris and snow an unpaved area that was not intended to be a public walkway (*see Rosenbloom v City of New York*, 254 AD2d 474, 475 [1998]). In addition, under the facts of this case, the plaintiff is barred by the "storm in progress" doctrine from recovering damages on the theory that the defendants were negligent in failing to remove snow from the premises (*see Dowden v Long Is. R.R.* 305 AD2d 631, 631 [2003]). In opposition to the defendants' prima facie establishment of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.