FRANK MALDONADO, Appellant, v NOVARTIS PHARMACEUTI-CALS CORPORATION, Respondent, et al., Defendants. (And a Third-Party Action.) [872 NYS2d 174]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), entered February 7, 2008, which granted the motion of the defendant Novartis Pharmaceuticals Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was an employee of the third-party defendant, American Building Maintenance Company of New York (hereinafter ABM), which had contracted with the defendant property owner, Novartis Pharmaceuticals Corporation (hereinafter Novartis), to perform maintenance services on real property owned by Novartis. The plaintiff allegedly sustained serious injuries when he slipped and fell on snow and ice on a metal grate covering a storm drain, which was located in a grassy area of the subject real property approximately three to four feet away from the nearest walkway.

Even accepting as true the plaintiff's contention that Novartis authorized ABM's workers to dump water and debris down exterior storm drains (see Dykeman v Heht, 52 AD3d 767 [2008]; Secof v Greens Condominium, 158 AD2d 591, 593 [1990]), Novartis established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no duty to clear snow and ice from the metal grate covering the storm drain upon which the plaintiff slipped and fell (see Yan Quan Wu v City of New York, 42 AD3d 451 [2007]; Belo-Osagie v Starrett City Assn., 41 AD3d 521 [2007]; Moran v State Duct Corp., 41 AD3d 440 [2007]; Wesolowski v Wesolowski, 306 AD2d 402 [2003]; see also Rosenbloom v City of New York, 254 AD2d 474 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Further, Novartis established, prima facie, that it did not create the allegedly icy condition of the storm drain or have

actual or constructive notice thereof. In opposition, the plaintiff failed to raise a triable issue of fact. At best, the plaintiff's evidence regarding his prior complaints of ice on the storm drain area and an alleged slip and fall on ice covering a storm drain by a coworker two years before the instant accident demonstrated only that Novartis may have had a general awareness that ice accumulated on the storm drains, which is insufficient to constitute actual notice thereof (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Jaffe v New York City Tr. Auth.*, 52 AD3d 784 [2008]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 411 [2006]). The plaintiff also failed to raise a triable issue of fact as to whether Novartis created the allegedly hazardous condition or had constructive notice thereof (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly awarded summary judgment to Novartis dismissing the complaint insofar as asserted against it. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.