■ SHANMATTEE L. PERSAUD, Respondent, v S AND K GREEN GROCERIES, INC., et al., Appellants. [898 NYS2d 255]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court,

Queens County (Markey, J.), entered September 18, 2009, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of March 17, 2007, the plaintiff was selecting produce from an outdoor stand owned and operated by the defendants as part of their fruit and produce store. The plaintiff allegedly was injured when a large section of ice, which had allegedly formed atop the awning of the defendants' store, came loose, fell, and struck her on the head. It was not disputed that there had been snow and icy weather conditions the night before the accident. Moreover, there was deposition testimony from the plaintiff, and an affidavit from an eyewitness, to the effect that the ice which struck the plaintiff fell from the awning of the defendants' store.

After certain discovery was conducted, including depositions of the plaintiff and the defendants, the defendants moved for summary judgment dismissing the complaint. They contended that they neither created the alleged dangerous condition, nor had actual or constructive notice of the alleged condition. Additionally, the defendants argued that there was no proof that the ice which struck the plaintiff originated from their premises. In support of their motion, the defendants offered, inter alia, the deposition testimony of their store manager and an affidavit of their retained engineer. The store manager testified that the awning was specifically purchased because its design was one that prevented snow and ice from accumulating on it and falling onto patrons while they were shopping. In contrast, and in apparent contradiction to the store manager's testimony, the defendants' retained engineer, in his affidavit, opined that the awning was designed so as to allow snow and ice to accumulate and then melt at a later time when the temperature rose above the freezing point. The Supreme Court denied the defendants' motion. We affirm.

The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. The defendants have a duty to maintain their premises in a reasonably safe condition. On their motion for summary judgment, the defendants had the initial burden of showing, inter alia, that they did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it. Here, the defendants failed to show that they lacked actual or constructive notice of the alleged defective condition (see *Rashid v Clinton Hill Apts. Owners Corp.*, 70 AD3d 1019 [2010];

*Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938 [2009]; *cf. Caldwell v Pathmark Stores, Inc.*, 29 AD3d 847 [2006]). Moreover, the contradictory proof offered by the defendants' store manager and engineer raised a triable issue of fact as to whether the defendants created the allegedly defective condition (*see Klepper v Seymour House Corp.*, 246 NY 85 [1927]; *Sajta v Latham Four Partnership*, 282 AD2d 969 [2001]; *Taylor v Bankers Trust Co.*, 80 AD2d 483, 488 [1981]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *Nandlal v City of New York*, 66 AD3d 653, 654-655 [2009]).

Since the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, and it is unnecessary to consider the adequacy of the plaintiff's opposition papers (*see e.g. Khamis v CG Foods, Inc.*, 49 AD3d 606 [2008]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.