■ Laureen J. Ameneiros, Appellant, v Seaside Company, LLC, Respondent. (And a Third-Party Action.) [916 NYS2d 813]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated October 27, 2009, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint, which sought to recover damages for personal injuries allegedly sustained by the plaintiff when she slipped on a puddle of water in the elevator of an apartment building owned by the defendant. The defendant demonstrated that it did not create the allegedly dangerous condition but, rather, that the puddle of water was created by another tenant, the third-party defendant in this action (*see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]; *Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009]). The defendant further demonstrated that it did not have actual notice of the condition (*see Rosa v Food Dynasty*, 307 AD2d 1031 [2003]; *see also Maldonado v Novartis Pharms. Corp.*, 58 AD3d 813, 814 [2009]) and that, under the totality of the circumstances, the condition did not exist for a sufficient length of time before the accident to permit the defendant to have discovered and remedied it, so as to charge the defendant with constructive notice of the condition (*see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d at 1035; *Ulu v ITT Sheraton Corp.*, 27 AD3d 554 [2006]; *Cantalupo v Anthony's Water Cafe*, 281 AD2d 382 [2001]).

In opposition, the plaintiff failed to raise triable issue of fact, including one as to whether the puddle in the elevator constituted a recurring and ongoing dangerous condition of which the defendant had actual knowledge (*see Menzies v New York City Hous. Auth.*, 4 AD3d 458 [2004]; *Allan v Casperkill Country Club*, 38 AD3d 579 [2007]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.