■ Howard Taub et al., Respondents, v JMDH Real Estate of Garden City Warehouse, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, and Admiration Foods et al., Defendants/Third-Party Defendants-Appellants-Respondents. (And a Second Third-Party Action.) [56 NYS3d 220]—

In an action to recover damages for personal injuries, etc., the defendants third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Velasquez, J.), entered September 8, 2015, as denied their motion for summary judgment dismissing the amended complaint, the third-party complaint, and all cross claims insofar as asserted against them, and the defendants third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs by the defendants third-party plaintiffs and the defendants third-party defendants.

The plaintiff Howard Taub (hereinafter the injured plaintiff) allegedly was shopping on premises owned by the defendant third-party plaintiff JMDH Real Estate of Garden City Warehouse, LLC, and operated by the defendant third-party plaintiff Restaurant Depot Enterprises, LLC (hereinafter together the defendants), when cases of cooking oil fell from a

wooden pallet held aloft by a hi-lo device, hitting his head. The injured plaintiff, and his wife suing derivatively, thereafter commenced this action against the defendants to recover damages for personal injuries. The defendants, in turn, commenced a third-party action against the cooking oil suppliers, the defendants third-party defendants Admiration Foods and Supreme Oil Company, Inc. (hereinafter together the third-party defendants). The plaintiffs amended the complaint to assert a cause of action alleging negligence against the third-party defendants, and the defendants and third-party defendants asserted cross claims for indemnification and contribution against each other.

The third-party defendants moved for summary judgment and the defendants cross-moved for summary judgment. The Supreme Court denied the motion and the cross motion.

"Store owners are charged with the duty of keeping their premises in a reasonably safe condition for the benefit of their customers" (*Russo v Home Goods, Inc.*, 119 AD3d 924, 925 [2014]; *see Peralta v Henriquez*, 100 NY2d 139, 143 [2003]). To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]).

Here, the defendants failed to eliminate triable issues of fact as to whether they maintained their premises in a reasonably safe condition and did not create the alleged hazardous condition (*see Torres v 63 Perry Realty, LLC*, 123 AD3d 911, 913-914 [2014]; *Hinds v Wal-Mart Stores, Inc.*, 52 AD3d 1218, 1218-1219 [2008]). In particular, there are triable issues of fact as to whether the defendants created an unreasonable and foreseeable risk of injury by removing pallets heavily loaded with merchandise from high shelves during business hours without warning the injured plaintiff to keep a safe distance away or otherwise preventing him from approaching too closely.

As for the third-party defendants, to provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "[C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475

[2004]; *see Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798 [2003]; *Monroe v City of New York*, 67 AD2d 89, 93 [1979]).

Here, the third-party defendants submitted the transcript of the deposition testimony of a logistics and shipping employee who testified generally as to the third-party defendants' inspection of pallets before packing them with oil. That employee lacked personal knowledge as to when this specific pallet was last inspected, whether pallets were inspected for defects other than missing wooden slats, and the extent to which the third-party defendants received prior complaints about defective pallets. The third-party defendants thereby failed to eliminate triable issues of fact, among other things, as to whether they lacked constructive notice of the defect in the pallet or whether the defect was latent (*see Milorava v Lord & Taylor Holdings, LLC*, 133 AD3d 724, 725-726 [2015]; *McGough v Cryan, Inc.*, 111 AD3d 900, 901 [2013]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 993-994 [2009]).

As neither the defendants nor the third-party defendants satisfied their prima facie burden, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.