Marazita v City of New York (2022 NY Slip Op 01019)





Marazita v City of New York


2022 NY Slip Op 01019


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2020-01658
2020-01659
 (Index No. 16846/14)

[*1]Laura Marazita, appellant, 
v
City of New York, et al., respondents.


Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Eric Lee and Daniel Matza-Brown of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), both dated December 5, 2019. The first order denied the plaintiff's motion for summary judgment on the issue of liability. The second order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education, and substituting therefor a provision denying that branch of the motion; as so modified, the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants, the City of New York and the New York City Department of Education (hereinafter the DOE), to recover damages for personal injuries that she allegedly sustained on February 4, 2014, at approximately 2:20 p.m., when she was struck by falling ice on the exterior grounds of P.S. 63 in Queens. The plaintiff was a teacher at the school, and when the accident occurred she was assisting students during dismissal time.
The plaintiff moved for summary judgment on the issue of liability, contending that the defendants created and had actual or constructive notice of the condition that caused her injuries. The defendants moved for summary judgment dismissing the complaint, contending that they neither created nor had notice of the alleged hazardous condition. The defendants also contended that the plaintiff did not know what had caused her injuries and that the City was not a proper party to this action. The Supreme Court denied the plaintiff's motion. In a separate order, the court granted the defendants' motion. The plaintiff appeals from both orders.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241; Jaklitsch v Kelly, 176 AD3d 792). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Vantroba v Zodiaco, 193 AD3d 1014, 1015 [internal quotation marks omitted]; see Persaud v S & K Green Groceries, Inc., 72 AD3d 778). "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff failed to establish, prima facie, that the defendants breached their duty to maintain their premises in a reasonably safe condition. Contrary to the plaintiff's contention, she failed to eliminate triable issues of fact as to whether the defendants had constructive notice of the alleged hazardous condition and whether they should have altered their dismissal routine (see Gordon v American Museum of Natural History, 67 NY2d 836; Persaud v S & K Green Groceries, Inc., 72 AD3d at 779). The plaintiff also failed to establish that the defendants had actual notice of a recurring hazardous condition and thus could be charged with constructive notice of each specific recurrence. The evidence submitted by the plaintiff merely showed that the defendants had a general awareness that snow and ice may accumulate on the exposed surfaces of the school building and air conditioning units in the winter months, and did not show that the defendants were aware of snow or ice ever previously falling from those surfaces (see Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017; Maldonado v Novartis Pharms. Corp., 58 AD3d 813). Since the plaintiff failed to meet her initial burden as the movant, the Supreme Court properly denied her motion for summary judgment on the issue of liability without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
With respect to the defendants' motion, contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City since it was not a proper party to this action (see New York City Charter § 521; Myers v City of New York, 64 AD3d 546).
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE. "In a premises liability case, a defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937; see Correa v Matsias, 153 AD3d 1312, 1313). To meet its initial burden on the issue of lack of constructive notice, the defendant must offer evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff's accident occurred (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). A defendant may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation (see Dasilva v Shah, 183 AD3d 697, 698; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827).
Here, the defendants failed to establish, prima facie, that the plaintiff did not know what had caused her injuries (see generally Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 879). Additionally, the defendants failed to establish, prima facie, that the DOE did not have constructive notice of the alleged hazardous condition (see Gordon v American Museum of Natural History, 67 NY2d 836; Persaud v S & K Green Groceries, Inc., 72 AD3d at 779; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). Triable issues of fact exist as to when the exterior surfaces and the fixtures that protruded from the exterior of the school building were actually inspected prior to the accident and whether the alleged hazardous condition existed for a sufficient amount of time for the DOE to discover and remedy it. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court