M.A.M. v Palisades Ctr. Mall (2024 NY Slip Op 01702)

M.A.M. v Palisades Ctr. Mall

2024 NY Slip Op 01702

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-02908
 (Index No. 34854/21)

[*1]M.A.M., et al., appellants, 
v
Palisades Center Mall, et al., defendants, Palisades Center, LLC., et al., respondents.

The Paul Zilberfein Law Firm (Steven Finell, New York, NY, of counsel), for appellants.
Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown, David E. Leach, and William T. O'Connell of counsel), for respondents Palisades Center, LLC, Pyramid Management Group, LLC, The Pyramid Companies, Eklecco Newco, LLC, and Palisades Eklecco Corp.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondents Allied Universal doing business as Universal Protective Services.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated March 14, 2022. The order granted the cross-motion of the defendants Palisades Center, LLC, Pyramid Management Group, LLC, The Pyramid Companies, Eklecco Newco, LLC, and Palisades Eklecco Corp., for summary judgment dismissing the complaint insofar as asserted against them and granted the separate cross-motion of the defendant Allied Universal doing business as Universal Protective Services for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff Jennifer Florio-Martinez allegedly was injured after she slipped and fell on pieces of paper in a parking lot of the Palisades Center Mall, while exiting a vehicle in which she was a passenger. The plaintiffs commenced this action to recover damages for personal injuries. The driver of the plaintiffs' vehicle testified at his deposition that, as he was parking the vehicle before the accident, he observed the occupant of an adjacent vehicle throw what appeared to be a piece of paper on the ground next to the passenger side of the plaintiffs' vehicle. In an order dated March 14, 2022, the Supreme Court granted the cross-motion of the defendants Palisades Center, LLC, Pyramid Management Group, LLC, The Pyramid Companies, Eklecco Newco, LLC, and Palisades Eklecco Corp. (hereinafter collectively Palisades) for summary judgment dismissing the complaint insofar as asserted against them and the separate cross-motion of the defendant Allied Universal doing business as Universal Protective Services (hereinafter Universal, and together with Palisades, the defendants), for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal.
"To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Taub v JMDH Real Est. of Garden City Warehouse, LLC, 150 AD3d 1301, 1302). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Jandly v New Carle Place Farm, Inc., 211 AD3d 1018).
Here, the defendants established, prima facie, that they did not have actual notice of the presence of the pieces of paper on which the plaintiff Jennifer Florio-Martinez allegedly slipped and fell and that the condition did not exist for a sufficient length of time prior to the accident to permit the defendants to have discovered and remedied it, so as to charge them with constructive notice of the condition (see Ameneiros v Seaside Co., LLC, 81 AD3d 760, 761). In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the cross-motion of Palisades for summary judgment dismissing the complaint insofar as asserted against them and the separate cross-motion of Universal for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court