| |
|---|
| **Martin v PCVST-DIL LLC** |
| 2024 NY Slip Op 34284(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162892/2015 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. PAUL A. GOETZ** | **PART** **47** |
| *Justice* | |

---------------------------------------------------------------------------X

CHRISTOPHER MARTIN,

                Plaintiff,

        - v -

PCVST-DIL, LLC, COMPASSROCK REAL ESTATE LLC

                Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 162892/2015 |
| **MOTION DATE** | 02/15/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127

were read on this motion to/for                      JUDGMENT - SUMMARY          .

In this personal injury action arising from plaintiff's slip and fall on a slippery substance on an interior stairwell in his apartment building, which is owned and operated by defendants PCVST-DIL LLC (Stuyvesant Town-Peter Cooper Village, or PCVST) and Compassrock Real Estate LLC (Compassrock), defendants move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint.

## BACKGROUND

On the night of December 18, 2014, after attending a holiday party hosted by his employer, plaintiff took a cab home to his apartment in the building located at 440 E 23rd St, New York, NY 10010 (the building), which is owned and operated by defendants (NYSCEF Doc No 104, 28:15-29:20, 44:16-45:12). Plaintiff entered the building and walked to the elevator banks; once inside the elevator, he accidentally pressed the button for the third floor, though he lived on the second (*id.* at 63:2-64:20). Once he reached the third floor, he exited the elevator

162892/2015 MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC
Motion No. 003

Page 1 of 6

and walked directly to the stairwell to walk one flight down (*id.* at 71:11-25). However, upon entering the stairwell, plaintiff saw that the landing was partially covered in debris from construction that was taking place to install motion-sensor lights (*id.* at 72:2-73:12). Plaintiff stepped over the debris towards the stairs, but "stepped on some type of moisture at the landing," and his "foot came from underneath" him, causing him to fall "towards the right" (*id.* at 76:4-25, 79:18-21). Plaintiff "tried to catch [him]self with the railing that's on the right-hand side [but] was unsuccessful . . . and [he] fell down the rest of the steps" (*id.* at 77:2-6). Plaintiff "blacked out" during this incident and could not recall which parts of his body made contact with the stairs, but when he regained consciousness in the emergency room the following morning, he realized that he had suffered a head wound, among other injuries (*id.* at 80:13-17, 85:14-90:3).

PVCST security officer Michael Lewis testified that he was on an overnight shift when he received a call that someone in the building was unconscious and needed assistance (NYSCEF Doc No 106, 23:23-25:11, 27:10-28:16). When Lewis entered the stairwell at the third floor, he did not see any liquid, debris, or any other tripping hazard (*id.* at 37:6-40:4 [also stating there was no construction going on inside the building]). Noticing a trail of blood on the walls, he walked down to the second floor, where he saw plaintiff "sitting with his legs extended" and "blood on his shirt" (*id.* at 30:4-21). Lewis shook plaintiff by the shoulders and tried to speak to him, but plaintiff was unresponsive and seemed intoxicated (*id.* at 32:2-22, 35:16-36:12). Lewis notified dispatch to send an ambulance, and his supervisor, Brendan Barrie, came to assist (*id.* at 33:2-21; see also NYSCEF Doc No 111 [Barrie's incident report]). Barrie states that he "personally inspected the entire stairwell between the second and third floor immediately after the plaintiff was removed from the scene," and did not observe any "debris, construction

162892/2015   MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC                                      Page 2 of 6
Motion No.  003

[* 2]

2 of 6

material, substance, or other hazardous material on the steps that could have caused Plaintiff's accident" (NYSCEF Doc No 112 ¶¶ 8-9).

The 911 patient call report reflects that the ambulance arrived at approximately 3:45 a.m. on December 19, 2014, and states that plaintiff was found "unc[onscious] against wall in staircase covered in blood and vomit" (NYSCEF Doc No 109). Plaintiff's hospital records further indicate that plaintiff's blood alcohol content was 217 mg/DL, or 0.217[1] (NYSCEF Doc No 110). Based on plaintiff's weight, the time between the holiday party and his evaluation, and other factors, forensic toxicologist Elizabeth Spratt, M.S., opined that plaintiff had twelve or more alcoholic beverages at the holiday party and "was highly intoxicated at the time of the incident" such that his coordination and reflexes would have been severely impaired (NYSCEF Doc No 113). Plaintiff testified that he did not recall being intoxicated and that he "probably [took] it light on the drinking" because he was at a work event, but he could not recall how many alcoholic beverages he had at the party (NYSCEF Doc No 104, 48:19-50:25, 99:2-25).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

---

[1] New York's maximum blood alcohol level for driving is 0.08%.

**162892/2015  MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC**
**Motion No.  003**

**Page 3 of 6**

3 of 6

[* 3]

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

"In a [slip]-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Rivera v J. Nazzaro Partnership LP*, 122 AD3d 826, 827 [2nd Dept 2014]). Defendants argue that plaintiff's complaint must be dismissed because plaintiff was unable to identify the condition that allegedly caused his accident. In support of this argument, defendants cite *Morgan v Windham Realty, LLC*, 68 AD3d 828 [2nd Dept 2009], in which the court noted that "at her deposition, [plaintiff] failed to identify [the asphalt,] which allegedly was slippery, as the causes of her fall on the subject driveway"; and *Rajwan v 109-23 Owners Corp.*, 82 AD3d 1199 [2nd Dept 2011], in which the court noted that "[a]t his deposition, [when] asked if he slipped because the step was slippery or because of a crack in the step[,] plaintiff responded, 'I really wouldn't know to tell you. I just put my foot forward and stepped on something and I flew in the air.'" Here, however, plaintiff testified that

162892/2015   MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC                    Page 4 of 6
Motion No.  003

4 of 6

[* 4]

though he did not observe any liquid or moisture on the floor of the landing before he fell (or after, as he was unconscious at that time), he "kn[ew] that it was [the wet substance that] caused [him] to lose [his] footing" because he felt his foot slip out from under him (NYSCEF Doc No 104, 113:13-114:11, 80:7-20 ["I blacked out shortly after, [but] as far as I can recall, . . . I slipped on that moisture," which "preced[ed] me losing my balance"]). Therefore, plaintiff has sufficiently identified the condition which allegedly caused his accident.

"To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (*Taub v JMDH Real Estate of Garden City Warehouse, LLC*, 150 AD3d 1301, 1302 [2nd Dept 2017]). Defendants aver that they neither caused nor had notice of the hazardous condition alleged by plaintiff, as plaintiff testified that he did not notice the wet substance before he slipped and did not know how long it had been there; and defendants were never notified of any complaints associated with the stairwell, nor did Barrie observe any hazard when he inspected the area after the fall. As plaintiff notes, however, "[a] defendant cannot satisfy its burden merely by pointing out gaps in the plaintiff's case, and instead must submit evidence concerning when the area was last cleaned and inspected prior to the accident" (*Sabalza v Salgado*, 85 AD3d 436, 437-38 [1st Dept 2011]). Defendants have not done so, and therefore have not met their prima facie burden.

Finally, defendants argue that plaintiff's high level of intoxication was the true proximate cause of the accident. Plaintiff opposes on the grounds that the evidence of plaintiff's intoxication is unauthenticated and thus inadmissible, and in any event, plaintiff's intoxication speaks solely to whether he is comparatively liable, not whether defendants are free of liability.

162892/2015  MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC
Motion No. 003

Page 5 of 6

Plaintiff is correct that "whether [plaintiff] was intoxicated, and whether such intoxication was a factor in his fall, is a question of fact to be resolved at trial" and defendants are not entitled to summary judgment as a matter of law because plaintiff's "alleged intoxication would not absolve the defendants of liability if their negligence was one of the proximate causes of the accident" (*Roach v Szatko*, 244 AD2d 470, 471 [2nd Dept 1997]). An issue of fact therefore remains as to whether plaintiff's accident was proximately caused by a slippery substance in the stairwell, which precludes defendants' entitlement to summary judgment.

**CONCLUSION**

Based on the foregoing, it is

ORDERED that defendants' summary judgment motion is denied.

20241204155927PG0ETZ11E63E4FFB8B545168659A6F3B4C91694

| __12/4/2024__ | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | **X** | NON-FINAL DISPOSITION |
|---|---|---|---|
| **X** DENIED | GRANTED | | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER · SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN · FIDUCIARY APPOINTMENT · REFERENCE

162892/2015  MARTIN, CHRISTOPHER vs. PCVST-DIL, LLC
Motion No.  003

Page 6 of 6

6 of 6