Manning v Guinta's Meat Farms (2026 NY Slip Op 00367)

Manning v Guinta's Meat Farms

2026 NY Slip Op 00367

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-10906
 (Index No. 617526/21)

[*1]Randolph Manning, appellant, 
vGuinta's Meat Farms, et al., respondents.

Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol and Timothy M. Shelley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Frank A. Tinari, J.), entered September 19, 2024. The judgment, upon an order of the same court dated September 3, 2024, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when he was struck on the shoulder by an automatic door (hereinafter the entrance door) while entering a grocery store owned and operated by the defendants. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants were negligent in, inter alia, maintaining the entrance door. The defendants moved for summary judgment dismissing the complaint. In an order dated September 3, 2024, the Supreme Court granted the defendants' motion. On September 19, 2024, a judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Taub v JMDH Real Estate of Garden City Warehouse, LLC, 150 AD3d 1301, 1302; see M.A.M. v Palisades Ctr. Mall, 225 AD3d 844, 845). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see M.A.M. v Palisades Ctr. Mall, 225 AD3d at 845).
Here, the defendants established, prima facie, that they did not have actual notice of the alleged defective condition of the entrance door and that the condition did not exist for a sufficient length of time prior to the accident to permit the defendants to have discovered and [*2]remedied it, so as to charge them with constructive notice of the condition (see M.A.M. v Palisades Ctr. Mall, 225 AD3d at 845; Ameneiros v Seaside Co., LLC, 81 AD3d 760, 761). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions are either without merit or not properly before us.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court