■ Angela Russo, Appellant, v Frankels Garden City Realty Co. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [940 NYS2d 144]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Nassau County (McCarty III, J.), entered September 13, 2010, as granted the motion of the defendant CVS Pharmacy, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and, upon searching the record, awarded summary judgment to the defendant Frankels Garden City Realty Co. dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant CVS Pharmacy, Inc., which was for summary judgment dismissing all cross claims insofar as asserted against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, awarded summary judgment to the defendant Frankels Garden City Realty Co. dismissing the complaint insofar as asserted against that defendant; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant CVS Pharmacy, Inc., payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Frankels Garden City Realty Co.

The plaintiff allegedly fell while descending two exterior steps of a building owned by the defendant Frankels Garden City Realty Co. (hereinafter Frankels) and leased to the defendant CVS Pharmacy, Inc. (hereinafter CVS). At her deposition, the plaintiff testified that the paint along the edge of the steps was worn off, that the steps lacked a handrail, and that the similarity in material and color of the bottom concrete step and the abutting cement sidewalk gave the illusion that there was only one step, rather than two steps. She also testified that she reached for a handrail as she fell, but that there was nothing to hold onto.

The plaintiff commenced this action against, among others, Frankels and CVS. CVS moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it had no duty to maintain the steps where the incident occurred and that the condition of the steps was open and obvious and not inherently dangerous. The Supreme Court, inter alia, granted that branch of CVS's motion, concluding that the condition of the steps was open and obvious and not inherently dangerous. Upon searching the record, the Supreme Court also awarded summary judgment to Frankels dismissing the complaint insofar as asserted against Frankels.

Although we agree with the Supreme Court that CVS was entitled to summary judgment dismissing the complaint insofar as asserted against it, we base our conclusion on a ground different from that relied on by the Supreme Court. Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (*see Ellers v Horwitz Family Ltd. Partnership*, 36 AD3d 849 [2007]; *Franks v G & H Real Estate Holding Corp.*, 16 AD3d 619 [2005]). Here, CVS established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not own, occupy, control, or make special use of the area where the incident occurred, and that it had no duty to make structural repairs or paint the edge of the steps where the incident occurred (*see Quarless v Dengler*, 48 AD3d 438 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted that branch of CVS's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court, however, should not have searched the record and awarded summary judgment to Frankels dismissing the complaint insofar as asserted against Frankels. Based upon the deposition testimony of the plaintiff and the photographs of the accident site contained in the record, triable issues of fact exist as to whether the condition of the steps was open and obvious and not inherently dangerous (*see Roros v Oliva*, 54 AD3d 398 [2008]; *Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207 [1988]). Additionally, triable issues of fact exist as to whether the steps should have been equipped with handrails pursuant to applicable building code ordinances and whether the absence of handrails was a proximate cause of the plaintiff's injuries (*see Antonia v Srour*, 69 AD3d 666 [2010]; *Viscusi v Fenner*, 10 AD3d 361 [2004]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.