■ Eric C. Raven, Plaintiff, v Universal Strapping Corp. et al., Defendants/Third-Party Plaintiffs-Appellants. Linea 3 Corporation, Doing Business as Marilena Imports, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [15 NYS3d 203]—In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated June 25, 2013, as granted the motion of the third-party defendant Linea 3 Corporation, doing business as Marilena Imports, for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the third-party defendant Linea 3 Corporation, doing business as Marilena Imports (hereinafter Marilena), allegedly sustained personal injuries when he slipped and fell on a patch of black ice near the loading dock area of premises owned by the defendant/third-party plaintiff Atlantic Ave. Sixteen AD Inc. (hereinafter Atlantic). At the time of the accident, the premises consisted of a box-like warehouse measuring approximately 60,000 square feet, with a firewall separating Atlantic's two tenants, the defendant/third-party plaintiff Universal Strapping Corp. (hereinafter Universal) and Marilena. The plaintiff commenced this action against Universal and Atlantic, and they commenced a third-party action against Marilena and another party, seeking contractual and common-law indemnification and alleging breach of contract.

Marilena established its prima facie entitlement to judgment as a matter of law dismissing the causes of action in the third-party complaint seeking contractual and common-law indemnification insofar as asserted against it. In support of its motion, Marilena submitted, inter alia, the lease agreement between it and Atlantic. Paragraph 18 of the lease limited Marilena's obligation to indemnify Universal and Atlantic to those claims "arising out of or in connection with any act or omission of Tenant." Marilena also submitted the transcripts of the deposition testimony of the plaintiff and Sholem Oberlander, who was the president of Universal and the principal of Atlantic, which established, prima facie, that the plaintiff's accident was not

due to any fault on its part. Furthermore, although paragraph 19 of the lease, which pertained to insurance, contained a somewhat broader indemnification clause, that clause was limited, inter alia, to injuries "occurring in or about the demised premises." The evidence submitted by Marilena established that the patch of black ice upon which the plaintiff allegedly fell was located in a common area maintained and controlled by Atlantic. In opposition, Universal and Atlantic failed to raise a triable issue of fact as to whether Marilena was obligated to indemnify them.

The Supreme Court also properly granted that branch of Marilena's motion which was for summary judgment dismissing the cause of action in the third-party complaint alleging breach of contract insofar as asserted against it. Marilena established, prima facie, that it had purchased the insurance required by the contract, and in opposition, Universal and Atlantic failed to raise a triable issue of fact. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.