■ MARIA E. RODRIGUEZ, Respondent, v 5432-50 MYRTLE AVENUE, LLC, Respondent, and MIDWAY BEAUTY SCHOOL, INC., Appellant. [50 NYS3d 99]—

In an action to recover damages for personal injuries, the defendant Midway Beauty School, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 22, 2015, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Midway Beauty School, Inc., which were for summary judgment dismissing the complaint and the first, fourth, and fifth cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the second and third cross claims against the defendant Midway Beauty School, Inc., are converted into third-party causes of action.

The plaintiff allegedly was injured when a defect in one of the steps of an interior staircase of a building in Brooklyn

caused her to fall. The two-story building was owned by the defendant 5432-50 Myrtle Avenue, LLC (hereinafter Myrtle), and a portion of the second floor had been leased by the defendant Midway Beauty School, Inc. (hereinafter Midway). The plaintiff subsequently commenced this action against Myrtle and Midway. Myrtle asserted five cross claims against Midway, seeking common-law and contractual indemnification, contribution, and damages for breach of contract. Midway moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and Midway appeals.

"Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Russo v Frankels Garden City Realty Co.*, 93 AD3d 708, 710 [2012]; *see Kubicsko v Westchester County Elec., Inc.*, 116 AD3d 737, 738-739 [2014]; *DeCourcey v Briarcliff Cong. Church*, 104 AD3d 799, 801 [2013]). Here, Midway established, prima facie, that the subject staircase was not part of its demised premises, but merely constituted a common area, and that it had no contractual duty to maintain it (*see Kubicsko v Westchester County Elec., Inc.*, 116 AD3d at 739; *DeCourcey v Briarcliff Cong. Church*, 104 AD3d at 801; *Millman v Citibank*, 216 AD2d 278 [1995]). In opposition, the plaintiff and Myrtle failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Midway's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

With respect to the cross claims, in response to Midway's prima facie demonstration of its entitlement to judgment as a matter of law dismissing the first and fifth cross claims, for common-law indemnification and contribution, Myrtle failed to raise a triable issue of fact (*see Davis v Catsimatidis*, 129 AD3d 766, 768 [2015]). Additionally, in response to Midway's prima facie demonstration of its entitlement to judgment as a matter of law dismissing the fourth cross claim, which alleged that Midway breached the lease between it and Myrtle by failing to maintain the staircase, Myrtle failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Midway, however, failed to establish its prima facie entitlement to judgment as a matter of law dismissing the second cross claim, alleging that it breached the lease by failing to procure insurance, and the third cross claim, for contractual indemnification. With respect to the second cross claim, Midway did not submit any evidence in support of its motion

that demonstrated that it had complied with an insurance procurement provision in the lease. Hence, the Supreme Court properly denied that branch of Midway's motion which was for summary judgment dismissing the second cross claim without regard to the sufficiency of the papers submitted in opposition (*see generally id.*; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of Midway's motion which was for summary judgment dismissing the third cross claim. Pursuant to General Obligations Law § 5-321, a lease that obligates a tenant to indemnify a landlord for the landlord's own negligence is against public policy and unenforceable. However, in the context of a commercial lease, negotiated between two sophisticated parties, where a "lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity" (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 419 [2006]; *see Campisi v Gambar Food Corp.*, 130 AD3d 854, 855-856 [2015]; *Karanikolas v Elias Taverna, LLC*, 120 AD3d 552, 556 [2014]). "Under such circumstances, the purpose of the indemnity clause is not to exempt the lessor from liability to the victim, but to allocate the risk of liability to third parties between the lessor and the lessee" (*DiBuono v Abbey, LLC*, 83 AD3d 650, 653 [2011]).

Here, Midway failed to establish, prima facie, that the indemnification clause, which required Midway to "indemnify [Myrtle] and hold [Myrtle] harmless against any and all claims, suits, loss, cost and liability on account of injury or death of person(s) or damage to property, or for liens of the premises, caused by a happening in connection with the premises (including the adjacent sidewalk or driveways) or the condition, maintenance, possession of use thereof or the operations thereon unless arising out of [Myrtle's] gross negligence," was unenforceable pursuant to General Obligations Law § 5-321, or that it did not apply since the accident occurred in a common area (*see LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905, 910 [2011]; *cf. Raven v Universal Strapping Corp.*, 131 AD3d 595, 596 [2015]). Accordingly, the Supreme Court properly denied that branch of Midway's motion which was for summary judgment dismissing the third cross claim without regard to the sufficiency of the papers submitted in opposition. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.