■ Bujar Gashi et al., Respondents, v Abramson Brothers Incorporated et al., Appellants, et al., Defendants. [61 NYS3d 76]—

In an action to recover damages for personal injuries, etc., the defendant Abramson Brothers Incorporated appeals, and the defendants David J. Stein, Dan Stevens, The Fresh Ice Cream Company, LLC, and Cherry Tree Partners, LLC, separately appeal, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated July 29, 2015, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from by the defendant Abramson Brothers Incorporated, on the law, and the motion of the defendant Abramson Brothers Incorporated for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants David J. Stein, Dan Stevens, The Fresh Ice Cream Company, LLC, and Cherry Tree Partners, LLC; and it is further,

Ordered that one bill of costs is awarded to the defendant Abramson Brothers Incorporated, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendants David J. Stein, Dan Stevens, The Fresh Ice Cream Company, LLC, and Cherry Tree Partners, LLC.

The plaintiff Bujar Gashi (hereinafter the injured plaintiff) alleges that, in June 2010, he was injured when, as he stood on the sidewalk outside of an empty storefront, he was struck hard on his elbow by an apparently defective door as it was opened from the inside. The premises were leased to the defendant Steve's 42nd Street, LLC (hereinafter the tenant), and were under renovation for prospective use as an ice cream store. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants which included the managing agent of the premises, Abramson Brothers Incorporated (hereinafter Abramson), David J. Stein and Dan Stevens, individuals alleged to have opened the door negligently, and The Fresh Ice Cream Company, LLC (hereinafter Fresh Ice Cream), and Cherry Tree Partners, LLC (hereinafter Cherry Tree), which were allegedly affiliated with the tenant. Abramson moved for summary judgment dismissing the complaint insofar as asserted against it, and Stein, Stevens, Fresh Ice Cream, and Cherry Tree (hereinafter collectively the ice cream store defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied both motions.

The Supreme Court should have granted Abramson's motion for summary judgment dismissing the complaint insofar as asserted against it. Abramson made a prima facie showing of its entitlement to judgment as a matter of law through evidence that it had relinquished control of the premises to the tenant and was not contractually or statutorily bound to maintain or repair the premises (*see McNeil v HMB E. 40th St. Corp.*, 117 AD3d 997, 998 [2014]; *see also Baek v Red Cap Servs., Ltd.*, 129 AD3d 752, 754 [2015]). In opposition, the plaintiffs failed to raise a triable issue of fact.

However, the Supreme Court properly denied the ice cream store defendants' motion. That branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the individual defendants was made on the ground that neither Stein nor Stevens opened the door which hit the injured plaintiff. With respect to Stein, the evidence submitted by the ice cream store defendants failed to establish, prima facie, that Stein did not open the door (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). With respect to Stevens, although the ice cream store defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint insofar as asserted against him, the plaintiffs raised a triable issue of fact as to whether Stevens was the individual who opened the door (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562).

That branch of the ice cream store defendants' motion related to Fresh Ice Cream and Cherry Tree was made on the ground that those limited liability companies did not own, lease, or operate the premises, and thus, they owed no duty of care to the plaintiffs. The evidence submitted in support of that branch of their motion failed to eliminate triable issues of fact as to the nature of their affiliation with the tenant, which was contractually obligated to maintain the doors to the premises. Moreover, the ice cream store defendants failed to demonstrate prima facie that the person who opened the door was not an employee or agent of either Fresh Ice Cream or Cherry Tree at the time of the alleged accident (*see generally Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). Since they failed to make a prima facie showing with respect to Fresh Ice Cream and Cherry Tree, the Supreme Court properly denied that branch of their motion without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ.*

*Med. Ctr.*, 64 NY2d at 853). Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.