Knight v 177 W. 26 Realty, LLC (2019 NY Slip Op 04685)





Knight v 177 W. 26 Realty, LLC


2019 NY Slip Op 04685


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-01929
 (Index No. 4261/13)

[*1]Becky Knight, plaintiff-respondent, 
v
177 West 26 Realty, LLC, defendant-respondent, Jonathan N. Glynn, etc., appellant, et al., defendant (and a third-party action).


Cuomo, LLC, Mineola, NY (Matthew A. Cuomo and Oscar Michelen of counsel), for appellant.
Goidel & Siegel, LLP, New York, NY (Jonathan Goidel and Stacy R. Klozow of counsel), for plaintiff-respondent.
Fixler & LaGattuta, LLP, New York, NY (Paul F. LaGattuta III and Vito A. Cardo III of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jonathan N. Glynn appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 21, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Jonathan N. Glynn for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff allegedly sustained injuries when she fell while ascending the interior concrete staircase in the common area of an apartment building (hereinafter the premises) located in Manhattan. The plaintiff had sublet an apartment at the premises from the defendant Jonathan N. Glynn (hereinafter the appellant), the tenant and lessee of the apartment, via a website advertising short-term vacation rentals. The premises were owned by the defendant 177 West 26 Realty, LLC (hereinafter 177), and managed by a third-party. The plaintiff commenced this action against, among others, the appellant, alleging that he breached his duty to maintain the staircase in a reasonably safe condition, and 177 asserted cross claims against the appellant. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the Supreme Court denied the motion. We reverse.
"Premises liability, as with liability for negligence generally, begins with duty" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13). "[I]t is for the court . . . to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society in general. The scope of any such duty of care varies with the foreseeability of . . . possible harm" (Tagle v Jakob, 97 NY2d 165, 168; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 13). " As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Futter v Hewlett [*2]Sta. Yogurt, Inc., 149 AD3d 912, 913, quoting Franks v G & H Real Estate Holding Corp., 16 AD3d 619, 620; see Basso v Miller, 40 NY2d 233, 241). Thus, a tenant's common-law duty to maintain premises in a reasonably safe condition is limited to those areas which it occupies and controls, or makes a special use (see Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d 947, 948; cf. Gashi v Abramson Bros. Inc., 153 AD3d 792, 794).
Here, the appellant met his prima facie burden of demonstrating his entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against him by establishing that he did not own the premises, did not have exclusive possession or control of the staircase but was merely permitted to use that area in common with 177's other tenants, and had no right or obligation to maintain the staircase (see Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d at 948; Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 738-739; DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801-802). In support of his motion, the appellant submitted the deposition testimony of Elias Bochner, one of the owners of 177, wherein Bochner stated that 177 was responsible for maintaining all of the common areas of the premises, including the subject staircase, and that the appellant was never responsible for maintaining the common areas. In addition, the appellant submitted his own deposition testimony in which he stated that he never performed maintenance work on any common areas of the premises.
In opposition to the appellant's prima facie showing, the plaintiff and 177 failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff and 177 did not submit any evidence raising an issue as to whether the appellant assumed or was chargeable with exclusive possession or control of the staircase (see Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d at 948; cf. Milewski v Washington Mut., Inc., 88 AD3d 853, 855).
Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court