Montalvo v Texas Roadhouse Holdings, LLC (2021 NY Slip Op 07288)





Montalvo v Texas Roadhouse Holdings, LLC


2021 NY Slip Op 07288


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-09965
 (Index No. 609224/17)

[*1]Christina Montalvo, appellant, 
v
Texas Roadhouse Holdings, LLC, etc., respondent.


Law Offices of Tarasov & Associates (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Rutherford Christie, LLP, New York, NY (David S. Rutherford and L. Diana Mulderig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated August 1, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Shortly after midnight on January 29, 2017, after exiting a restaurant owned by the defendant, which was located in a strip mall, the plaintiff fell as she attempted to step down from a walkway abutting the restaurant to the asphalt parking lot. The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendant, a tenant of the strip mall, alleging that it breached a duty of care to keep the exterior lights of the restaurant turned on. The plaintiff testified at her deposition that other lights in the parking lot were illuminated, but that it was dark in the area where the accident occurred because the restaurant's exterior lights had been turned off. The defendant moved for summary judgment dismissing the complaint on the ground that it had no duty to illuminate the common area where the accident occurred. The Supreme Court granted the motion, and the plaintiff appeals.
"Premises liability, as with liability for negligence generally, begins with duty" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13). "[I]t is for the court . . . to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society [in general]. The scope of any such duty of care varies with the foreseeability of . . . possible harm" (Tagle v Jakob, 97 NY2d 165, 168; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 13). "Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710; see Franks v G & H Real Estate Holding Corp., 16 AD3d 619, 620). "Thus, a tenant's common-law duty to maintain premises in a reasonably safe condition is limited to those areas which it occupies and controls, or makes a special use" (Knight v 177 W. 26 Realty, LLC, 173 AD3d 846, 847; see Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885).
Here, the defendant established, prima facie, that it did not own, occupy, control, or [*2]make special use of the common area where the incident occurred, and that it did not have a duty to illuminate the area (see Russo v Frankels Garden City Realty Co., 93 AD3d at 710). Moreover, the lease between the defendant and the landlord did not obligate the defendant to illuminate the common areas. Further, contrary to the plaintiff's contention, a lease provision obligating the defendant to keep its display windows and store front signage electrically lit only during the time that the strip mall was open did not create a duty owed to third parties such as the plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Maltese v Metropolitan Transp. Auth., 179 AD3d 780, 784; Sampaiolopes v Lopes, 172 AD3d 1128, 1129-1130). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant owed her a duty of care.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., BRATHWAITE NELSON, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court