Buehler v Town of Pawling (2022 NY Slip Op 07047)

Buehler v Town of Pawling

2022 NY Slip Op 07047

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03587
 (Index No. 52361/17)

[*1]Ellen Buehler, appellant,
v
Town of Pawling, respondent, et al., defendant.

Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for appellant.
M. Randolph Belkin, Latham, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated April 14, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Town of Pawling which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the evening of November 12, 2016, the plaintiff exited a building owned by the defendant Town of Pawling through its front entrance, entered the abutting Route 292, a State highway, made a right turn, and traversed a few steps in the paved roadway. The plaintiff allegedly encountered a dip in the roadway and tripped and fell within the roadway, sustaining personal injuries. The plaintiff asserted that the area was not properly illuminated. The plaintiff subsequently commenced this personal injury action against the Town, among others. In an order dated April 14, 2020, the Supreme Court, inter alia, granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"Where . . . premises are open to the public, the owner has a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress" (Backiel v Citibank, 299 AD2d 504, 505; see Gallagher v St. Raymond's R.C., 21 NY2d 554, 557). "'Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Montalvo v Texas Roadhouse Holdings, LLC, 200 AD3d 986, 987, quoting Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710; see Jeffrey v City of New York, 194 AD3d 701, 702; Ruggiero v City Sch. Dist. of New Rochelle, 109 AD3d 894, 894-895). Hence, "an owner owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the owner had created or contributed to it" (Galindo v Town of Clarkstown, 2 NY3d 633, 636).
Here, the Town established, prima facie, that it provided a safe means of egress from its building via its front entrance (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), and that the fact that the plaintiff had the option of walking directly into a paved street from the end of its front entrance ramp, at most, furnished the occasion for the accident, but was not one of its causes (see [*2]generally Hain v Jamison, 28 NY3d 524, 530). The Town also established, prima facie, that it had no duty to illuminate a neighboring State roadway (see Bauer v Hempstead, 143 AD2d 793; see also Montalvo v Texas Roadhouse Holdings, LLC, 200 AD3d at 987). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court