Smith v Dutchess Motor Lodge (2023 NY Slip Op 00891)

Smith v Dutchess Motor Lodge

2023 NY Slip Op 00891

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05065
 (Index No. 51811/16)

[*1]Benjamin Smith, respondent,
v
Dutchess Motor Lodge, appellant, et al., defendants.
Benjamin Smith, respondent,
v
William F. Yeno, appellant.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY (Emily A. Phillips of counsel), for appellants.
The Barnes Firm, New York, NY (Martha M. Pigott of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Dutchess Motor Lodge and William F. Yeno appeal from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated May 11, 2020. The order, insofar as appealed from, denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 4, 2016, at approximately 3:00 a.m., the plaintiff allegedly tripped on an elevated border of an unguarded cellar window well on the side of a building owned by the defendant William F. Yeno and operated as the defendant Dutchess Motor Lodge, and fell into the window well. Inside the window well, there allegedly was a piece of a broken glass vase, which became lodged in the plaintiff's right wrist. There was no artificial lighting on that side of the building, and the plaintiff alleged that he did not see the window well prior to the incident.
The plaintiff subsequently commenced an action against Dutchess Motor Lodge, among others, and commenced a separate action against Yeno. Pursuant to a so-ordered stipulation, the two actions were consolidated, and the caption was amended accordingly.
Dutchess Motor Lodge and Yeno (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 11, 2020, the Supreme Court, inter alia, denied the motion. The defendants appeal.
"To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (Lynfatt v Escobar, 71 AD3d 743, 744; see Pulka v Edelman, 40 NY2d 781, 782; Marazita v City of New York, 202 AD3d 951, 952). "[I]t is for the [*2]court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society [in general]. The scope of any such duty of care varies with the foreseeability of the possible harm" (Tagle v Jakob, 97 NY2d 165, 168; see Montalvo v Texas Roadhouse Holdings, LLC, 200 AD3d 986, 987). Foreseeability does not define duty; it merely determines the scope of the duty once a duty is found to exist (see Pulka v Edelman, 40 NY2d at 785; Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 18).
Owners and parties in possession of a property are under a duty to maintain their property in a reasonably safe condition in view of the existing circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). "'However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous'" (Lore v Fitness Intl., LLC, 211 AD3d 722, 722, quoting Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799). Furthermore, there is no duty to warn against an extraordinary occurrence, which would not suggest itself to a reasonably careful and prudent person as one which should be guarded against (see Harris v Debbie's Creative Child Care, Inc., 87 AD3d 615, 616; Rovegno v Church of Assumption, 268 AD2d 576). In addition, in a trip and fall case, a defendant moving for summary judgment can demonstrate its entitlement to judgment as a matter of law by "making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 910; see Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 638; Pryzywalny v New York City Tr. Auth., 69 AD3d 598).
Here, the defendants failed to establish, prima facie, that the plaintiff's accident was the product of the plaintiff's misuse of the defendant's property or constituted an extraordinary occurrence, and that they did not owe the plaintiff a duty of care (cf. Toes v National Amusements, Inc., 94 AD3d 742; Harris v Debbie's Creative Child Care, Inc., 87 AD3d 615; Laluna v DGM Partners, 234 AD2d 519, 520; Walter v State of New York, 185 AD2d 536). The defendants also failed to establish, prima facie, that they did not breach their duty of care and that their alleged negligence was not a proximate cause of the accident (see Gordon v American Museum of Natural History, 67 NY2d 836; Derdiarian v Felix Contractor Corp., 51 NY2d 308, 316). Even if the defendants did not place a piece of a glass vase in the window well and did not have notice of the condition, the issue of whether the unguarded window well merely furnished the occasion for the accident should be submitted to a jury (see Derdiarian v Felix Contractor Corp., 51 NY2d at 316; Sarbak v Sementilli, 51 AD3d 1001). Since the defendants failed to meet their initial burden as the movants, the burden never shifted to the plaintiff to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court