Engelman v County of Suffolk (2023 NY Slip Op 01278)

Engelman v County of Suffolk

2023 NY Slip Op 01278

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-03634
 (Index No. 610349/15)

[*1]Jeffrey Engelman, et al., plaintiffs,
v
County of Suffolk, appellant, Lessing's, Inc., respondent.

Dennis M. Cohen, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Ryan Hart of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated February 27, 2020. The order granted the motion of the defendant Lessing's, Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Lessing's, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant County of Suffolk is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Lessing's, Inc.
On September 26, 2014, the plaintiff Jeffrey Engelman attended a wedding reception catered by the defendant Lessing's, Inc. (hereinafter Lessing's), which was held at a building owned by the defendant County of Suffolk. Engelman allegedly was injured when he slipped and fell on the outside steps after exiting the building. Engelman, and his spouse suing derivatively, commenced this action against the County and Lessing's, alleging, among other things, that they were negligent in that they did not provide adequate lighting. The County asserted a cross-claim against Lessing's for indemnification and/or contribution. Thereafter, Lessing's moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The Supreme Court granted Lessing's motion, and the County appeals.
"'Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Rodriguez v 5432-50 Myrtle Ave, LLC, 148 AD3d 947, 948, quoting Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710). Liability may also be imposed upon a party who creates a defective condition (see Tilford v Greenburgh Hous. Auth., 170 AD3d 1233).
Here, in support of its motion, Lessing's established, prima facie, that it did not own, occupy, control, or put to a special use the area where the incident occurred, that it had no duty with respect to this area under the facts of this case, and that it did not create the alleged dangerous condition. In opposition, the County failed to raise a triable issue of fact (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830; Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102). Accordingly, the Supreme Court properly granted that branch of Lessing's motion which was for summary judgment dismissing all cross-claims insofar as asserted against it.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court