Mesoraca v Parking Servs. Plus, Inc. (2024 NY Slip Op 05339)

Mesoraca v Parking Servs. Plus, Inc.

2024 NY Slip Op 05339

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-05125
 (Index No. 605161/17)

[*1]Giuseppe Mesoraca, appellant, 
v
Parking Services Plus, Inc., respondent.

Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Jeffrey Baron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated June 24, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefore a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In 2010, the defendant, Parking Services Plus, Inc., entered into a contract with the New York City Health and Hospitals Corporation, acting on behalf of Elmhurst Hospital Center (hereinafter Elmhurst), for the management of a parking garage at Elmhurst. Pursuant to the contract, the agreement took effect in 2010 and continued for three years, with the option to renew for two one-year periods thereafter. It is undisputed that the contract was not renewed pursuant to its terms.
On January 9, 2017, the plaintiff, who was employed by Elmhurst, parked his car in the garage on the fourth floor and walked down a stairwell. His foot caught on a raised piece of concrete on the stairwell landing, and he fell down the stairs. Following the accident, the defendant's maintenance supervisor was directed by the defendant's vice president of operations to inspect and repair the landing. The landing was repaired a day or two after the accident.
In June 2017, the plaintiff commenced this personal injury action against the defendant. Subsequently, the defendant moved for summary judgment dismissing the complaint. Thereafter, the plaintiff cross-moved pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendant. In an order dated June 24, 2021, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals. We modify.
"'To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury'" (Paden v Brooklyn Museum of Arts, 226 AD3d 920, 921, quoting Smith v Dutchess Motor Lodge, 213 AD3d 881, 881 [internal quotation marks omitted]; see Marazita v City of New York, 202 AD3d 951, 952). "Owners and parties in possession of a [*2]property are under a duty to maintain their property in a reasonably safe condition in view of the existing circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Smith v Dutchess Motor Lodge, 213 AD3d at 882; see Weiss v Vacca, 219 AD3d 1375, 1376). "'Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control'" (Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942, quoting Cleland v 60-02 Woodside Corp., 221 AD2d 307, 308; see C.B. v New York City Tr. Auth., 219 AD3d 1397, 1399; Soto v CBS Corp., 157 AD3d 740, 741).
Here, although, on its motion for summary judgment dismissing the complaint, the defendant established, prima facie, that it had no contractual duty to repair the garage, since the contract expired well before the date of the accident, the defendant failed to eliminate triable issues of fact as to whether it maintained possession and control over the garage. Notably, in support of its motion, the defendant submitted transcripts of the deposition of its maintenance supervisor, who testified that he performed a repair of the landing shortly after the plaintiff's accident, as well as that of its vice president of operations, who testified that at the time of the plaintiff's accident, the repair work performed by the defendant's maintenance supervisor fell within the purview of the defendant's work at the garage. Therefore, a triable issue of fact exists as to whether the defendant was under a duty to maintain the garage in a reasonably safe condition (see Smith v Dutchess Motor Lodge, 213 AD3d at 882). Accordingly, the Supreme Court should have denied the defendant's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly denied the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendant since, contrary to the plaintiff's contention, the defendant's motion for summary judgment dismissing the complaint was not "frivolous" within the meaning of 22 NYCRR 130-1.1.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court