Luque-Gallego v Escobar (2024 NY Slip Op 06621)

Luque-Gallego v Escobar

2024 NY Slip Op 06621

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-07922
 (Index No. 713736/19)

[*1]Maria E. Luque-Gallego, plaintiff,
v
Oscar A. Escobar, et al., defendants third-party plaintiffs-appellants; Hector Martinez, third-party defendant-respondent.

Jacobson & Schwartz, LLP, Jericho, NY (Lisa E. Hechler of counsel), for defendants third-party plaintiffs-appellants.
Pierce & Salvato, PLLC, White Plains, NY (Kelly M. Zic of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 23, 2023. The order granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell on the exterior staircase leading from the front porch of a two-family home owned by the defendants third-party plaintiffs, Oscar A. Escobar and Gladys E. Escobar (hereinafter together the Escobars). The Escobars resided on the first floor and rented the second floor to the third-party defendant, Hector Martinez. The plaintiff had visited Martinez and was leaving the premises when the accident occurred. The plaintiff commenced this action against the Escobars to recover damages for personal injuries, and the Escobars commenced a third-party action against Martinez for common-law indemnification and contribution. Martinez moved for summary judgment dismissing the third-party complaint. In an order entered May 23, 2023, the Supreme Court granted the motion. The Escobars appeal.
"[A] tenant's common-law duty to maintain premises in a reasonably safe condition is limited to those areas which it occupies and controls, or makes a special use" (Knight v 177 W. 26 Realty, LLC, 173 AD3d 846, 847; see Montalvo v Texas Roadhouse Holdings, LLC, 200 AD3d 986, 987; Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885; Arshinov v GR 10-40, LLC, 176 AD3d 1019). Here, Martinez established his entitlement to judgment as a matter of law dismissing the third-party complaint by demonstrating, prima facie, that he had no duty to maintain the common area where the accident occurred (see Montalvo v Texas Roadhouse Holdings, LLC, 200 AD3d at 987; Arshinov v GR 10-40, LLC, 176 AD3d at 1019; Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710). In opposition, the Escobars failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Martinez's motion for summary [*2]judgment dismissing the third-party complaint.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court