Raspberry v Best W. JFK Airport Hotel (2025 NY Slip Op 04264)

Raspberry v Best W. JFK Airport Hotel

2025 NY Slip Op 04264

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05870
 (Index No. 719202/19)

[*1]Celena Raspberry, respondent, 
v
Best Western JFK Airport Hotel, et al., appellants, et al., defendants (and a third-party action).

Keith J. Conway, Melville, NY (Jerry Christoforatos of counsel), for appellants.
Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Best Western JFK Airport Hotel, JFK BD Holding, LLC, JFK HI Holding, LLC, Houston Lodging, LLC, and M & R Hospitality Management Corp. appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 11, 2022. The order denied those defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Best Western JFK Airport Hotel, JFK BD Holding, LLC, JFK HI Holding, LLC, Houston Lodging, LLC, and M & R Hospitality Management Corp. for summary judgment dismissing the amended complaint insofar as asserted against them is granted.
The plaintiff allegedly tripped and fell over a milk crate in a hallway at the defendant Best Western JFK Airport Hotel (hereinafter the hotel), where the plaintiff had been working as a security guard for approximately one year. Prior to the day of the accident, the plaintiff observed that milk was regularly delivered to the hotel in plastic crates like the one she tripped on, and she observed milk crates in the stairwells or hallways of the hotel at various times. She also observed that, on a daily basis, certain individuals would sit on milk crates in the area where she fell, and other security guards sometimes placed crates in that location.
The accident occurred in the morning, during one of the plaintiff's usual daytime shifts. As the plaintiff was walking in a hallway with carpeting she described as "reddish, green-ish . . . earth colors," she tripped on an empty, black milk crate. By all accounts, the milk crate was an ordinary milk crate and it was not attached to the floor in any way (see Catman v Back Water Grille LLC, 225 AD3d 966, 967).
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of the fall. The hotel and the defendants JFK BD Holding, LLC, JFK HI Holding, LLC, Houston Lodging, LLC, and M & R Hospitality Management Corp. (hereinafter collectively the hotel defendants) moved for summary judgment dismissing the amended complaint [*2]insofar as asserted against them, contending, inter alia, that the condition at issue was open and obvious and not inherently dangerous. By order entered July 11, 2022, the Supreme Court denied the motion. The hotel defendants appeal.
An owner or possessor of real property has a duty to maintain that property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]; see Smith v Dutchess Motor Lodge, 213 AD3d 881, 882). However, "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Smith v Dutchess Motor Lodge, 213 AD3d at 882 [internal quotation marks omitted]; see Lore v Fitness Intl., LLC, 211 AD3d 722, 722). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Rider v Manhattan Monster, Inc., 208 AD3d 807, 808 [internal quotation marks omitted]; see Catman v Back Water Grille LLC, 225 AD3d at 967). "While the issue of whether a hazard is . . . open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence" (Tagle v Jakob, 97 NY2d 165, 169 [citations omitted]; see Gerner v Shop-Rite of Uniondale, Inc., 148 AD3d 1122, 1123).
Here, the hotel defendants established, prima facie, that the empty milk crate was open and obvious, as it was readily observable by those employing the reasonable use of their senses, and was not inherently dangerous under all the existing circumstances (see Catman v Back Water Grille LLC, 225 AD3d at 967; Neiderbach v 7-Eleven, Inc., 56 AD3d 632, 632-633; Maravalli v Home Depot U.S.A., 266 AD2d 437, 437; Hatch v Rog Glo, 239 AD2d 771). In opposition to the hotel defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Neiderbach v 7-Eleven, Inc., 56 AD3d at 633).
Accordingly, the Supreme Court should have granted the hotel defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
The hotel defendants' remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court